UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE RIDER,<br><br>          Plaintiff,<br><br>v.<br><br>JEANNIE FULLER et al.,<br><br>          Defendants. | Case No. 2:22-cv-02913-SB-AFM<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint (SAC), Dkt. No. 22, the records on file, the Report and Recommendation (R&R) of U.S. Magistrate Judge Alexander F. MacKinnon, Dkt. No. 27, and Plaintiff's objections to the Report (Objections), Dkt. No. 31.  The Court has engaged in de novo review of those portions of the R&R to which Plaintiff has objected.  *See* Fed. R. Civ. P. 72(b)(3).

      The Court accepts and adopts the Magistrate Judge's R&R.  This case appears to be another step in a long-standing dispute between two neighbors, Plaintiff Sophie Rider and Defendant Jeannie Fuller.  The dispute dates back to 2014, when a state court granted Defendant Fuller a three-year restraining order against Plaintiff, which the state court renewed in 2017 for an additional five years, through April 11, 2022.  SAC at 4.  Plaintiff filed this federal lawsuit on May 2, 2022.  In this lawsuit, Plaintiff alleges that her neighbor Jeannie Fuller is a retired police officer.  *Id*. at 5.  Plaintiff relies on this alleged prior employment to suggest that the police are involved in the dispute beyond doing their job when summoned.  These allegations, however, are conclusory.  *See* SAC at 2 ("In 2014, the defendant Jeannie Fuller conspired with two friends who work in law enforcement . . .

1

(defendants Bernard Anderson and Erin Bardales . . .).").[1] Plaintiff also appears to allege a conspiracy between the police, including Defendant Erin Bardales, and Jeannie Fuller to commit her to an involuntary psychiatric hold in 2014. *See* SAC at 2 ("[D]efendant Jeannie Fuller called her Police friends . . . and insisted that plaintiff be placed on a (72) hour hold for a psychiatric examination.").[2] Plaintiff's conclusory allegations do not support either state action or a conspiracy. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("[A]llegations [that] are conclusory are not entitled to be assumed true."); *id*. at 678 ("[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

  Plaintiff's sole objection to the R&R was to the Magistrate Judge's conclusion that Plaintiff's claims are barred by the applicable statute of limitations. Objections at 2. The Magistrate Judge did not err in stating that the statute of limitations applicable to civil rights claims in California, such as those brought under 42 U.S.C. §§ 1983 and 1985, is two years. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Thus, even if Plaintiff were able to prove a § 1985 conspiracy involving the 2014 psychiatric hold, it would be time barred. That Plaintiff only "recently 'discovered' that her Constitutional rights were violated,"

---

[1] *See also* SAC at 3 ("Plaintiff[] [was] afraid that the defendants Jeannie Fuller, Bernard Anderson and Erin [Bardales] would come back and kill her."); *id*. ("The defendant Jeanne Fuller's influence by her law enforcement job to treat plaintiff as if plaintiff has mental issues [] forced plaintiff to ingest a high dose of a psychiatric medication . . . ."); *id*. at 3–4 ("Because of defendant Jeannie Fuller's police influence as an officer . . . the court granted a Temporary Restraining Order (TRO) in 2014 . . . ."); *id*. at 4–5 ("[E]very time plaintiff ha[s] company, defendant Jeannie Fuller immediately calls her Police friends to come and harass [Plaintiff's] company by driving by slowly with intimidating stares, etc.").

[2] *See also* SAC at 5–6 ("[D]efendant Jeannie Fuller presented false allegations to her Torrance Police friends . . . [and] convinced defendants Bernard Anderson and Erin Bardales that plaintiff was mentally ill (bi-polar and schizophrenic) and needed to be placed in a mental health hospital; the [police] defendants [] assisted defendant Jeannie Fuller in falsely determining that plaintiff was mentally ill . . . . [Police] defendants [] forcefully entered plaintiff's home, took plaintiff from her home against plaintiff's will and locked the plaintiff up in the mental health hospital . . . ."); *id*. at 8 ("[D]efendant Jeannie Fuller used her influence as a retired Torrance Police Officer to encourage her friend, Officer Erin Bardales [] to force her way into plaintiff's home and extracted plaintiff from her home against her will . . . .").

Objections at 2, does not serve to toll the statute of limitations because Plaintiff knew all the relevant facts related to that claim by 2014.  See *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (citing *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiff has had three opportunities to state a federal claim and has repeatedly failed to do so.  Accordingly, it is hereby ORDERED that (1) supplemental jurisdiction over the state law claims in the SAC is declined; and (2) Judgment shall be entered dismissing the SAC for lack of jurisdiction without leave to amend and without prejudice to pursuing the state claims.

Date: October 20, 2022

                                               Stanley Blumenfeld, Jr.
                                              United States District Judge